|  |  |
|---|---|
| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |

### CIVIL MINUTES -- GENERAL

| Case No. | **CV 21-631-JFW(SKx)** | Date: January 28, 2021 |
|---|---|---|

Title:  G2 Secure Staff, LLC -v- ABM Industries Inc., et al.

---

**PRESENT:**

   HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**         **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                                                None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT**

   On August 24, 2020, Plaintiff G2 Secure Staff, LLC ("Plaintiff") filed a Complaint against Defendants ABM Industries Inc. ("ABM") and Chiduweayi Egbuho ("Egbuho") (collectively, "Defendants") in Los Angeles Superior Court. On January 22, 2021, ABM filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

   Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, ABM bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

   Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000. *See* 28 U.S.C. § 1332. In this case, ABM alleges that it "is informed and believes that Plaintiff G2 Secure Staff, LLC is organized and existing under the laws of the State of Texas, with its principal place of business in Irving, Texas." Notice of Removal, ¶ 5. However, for the purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its members are citizens. *See, e.g., Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). ABM

has failed to allege the members of Plaintiff or the citizenship of those members.  In addition, ABM alleges the citizenship of Plaintiff and Egbuho based upon information and belief.  Notice of Removal, ¶¶ 5 and 7.  However, jurisdictional allegations based on information and belief are insufficient to confer jurisdiction.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties."); *America's Best Inns, Inc.*, 980 F.2d at 1074 (holding that allegations based on "to the best of my knowledge and belief" are insufficient); *see, also, Bradford v. Mitchell Bros. Truck Lines*, 217 F.Supp. 525, 527 (N.D. Cal. 1963).  Therefore, ABM has failed to meet the burden of establishing that diversity jurisdiction exists.  *See Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005).

      Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction.  *See* 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.